UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEON BAKER, individually and on behalf of all others similarly situated, </br></br>  Plaintiff, </br></br> v. </br></br> THE ANTHEM COMPANIES, INC., </br></br> Defendant. | Civil Action File </br></br> No.: 1:21-CV-04866-WMR </br></br> **COLLECTIVE ACTION COMPLAINT** |

## PRELIMINARY STATEMENT

1. This is a collective action brought by individual and representative Plaintiff Deon Baker ("Plaintiff"), on behalf of herself and all others similarly situated (the "putative FLSA Collective"), to recover overtime pay from her employer, The Anthem Companies, Inc. ("Anthem" or "Defendant").

2. Plaintiff brings this action on behalf of herself and all similarly situated individuals for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

3. Plaintiff's claim is asserted as a state-wide collective action under the FLSA, 29 U.S.C. § 216(b).

4. The putative "FLSA Collective" is made up of all persons who are or have been employed by Defendant in Georgia as Medical Management Nurses,

1

Utilization Management Nurses, Utilization Review Nurses, Nurse Reviewers, Nurse Reviewer Associates, or other similar positions who were paid a salary and treated as exempt from overtime laws, and whose primary job was to perform medical necessity reviews during the applicable statutory period.

5. Plaintiff and those similarly situated routinely work more than forty (40) hours in a workweek but are not paid an overtime premium for their overtime hours.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action is brought under the FLSA.

7. Venue is proper in the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because Plaintiff worked for Defendant in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

8. Defendant Anthem is a foreign corporation with its principal place of business located at 220 Virginia Ave., Indianapolis, Indiana, 46204, United States. Anthem is qualified to do business in the State of Georgia and its registered agent is

CT Corporation System, 289 South Culver Street, Lawrenceville, Gwinnett County, Georgia 30046.

9. Anthem operates office locations in multiple states around the country, including an office located in Atlanta, Georgia.

10. Plaintiff's paystubs list Anthem and its principal place of business address as her employer.

11. Upon information and belief, other similarly situated individuals' paystubs list Anthem and its principal place of business address as their employer.

12. Anthem is a multi-line health insurance company that provides managed care programs and related services.

13. According to its website, Anthem provides healthcare benefits to more than 74 million members nationwide and serves one in eight Americans through their affiliated medical care coverage plans.

14. Anthem operates in interstate commerce by, among other things, offering and selling a wide array of products and services, including but not limited to, preferred provider organization, consumer-driven health plans, traditional indemnity, health maintenance organization, point-of-service, ACA public exchange and off-exchange products, administrative services, Bluecard, Medicare plans, individual plans, Medicaid plans and other state-sponsored programs, pharmacy

products, life insurance, disability products, radiology benefit management, personal health care guidance, dental, vision services and products, and Medicare administrative operations to customers and consumers in multiple states across the country, including Georgia.

15. Upon information and belief, Anthem's gross annual sales made or business done has been in excess of $500,000.00 at all relevant times.

16. At all relevant times, Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

17. Plaintiff Deon Baker is an adult resident of Gwinnett County, Georgia.

18. Defendant employed Plaintiff as a Medical Management Nurse II from approximately December 2015 to approximately July 2020.

19. Prior to approximately 2018, Plaintiff reported to Defendant's Atlanta, Georgia office. Beginning in approximately 2018, Plaintiff worked out of her home in Gwinnett County, Georgia.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

20. At all times relevant herein, Anthem operated a willful scheme to deprive Plaintiff and others similarly situated of overtime compensation.

21. Plaintiff and the similarly situated individuals work or worked as

Medical Management Nurses, Utilization Management Nurses, Utilization Review Nurses, Nurse Reviewers, Nurse Reviewer Associates, or in similar job titles, and were primarily responsible for performing medical necessity reviews for Defendant.

22. In conducting medical necessity reviews, Plaintiff and the other similarly situated individuals' primary job duty is non-exempt work consisting of reviewing medical authorization requests submitted by healthcare providers against pre-determined guidelines and criteria for insurance coverage and payment purposes.

23. Plaintiff and the similarly situated individuals are or were paid a salary with no overtime pay.

24. Plaintiff and the other similarly situated individuals are or were treated as exempt from overtime laws, including the FLSA.

25. Defendant suffered and permitted Plaintiff and the other similarly situated individuals to work more than forty (40) hours per week without overtime pay.

26. For example, between May 11, 2020, and May 17, 2020, Plaintiff estimates that she worked approximately 60 hours and did not receive overtime pay for her overtime hours.

27. Defendant has been aware, or should have been aware, that Plaintiff

and the other similarly situated individuals performed non-exempt work that required payment of overtime compensation. Defendant also required Plaintiff and the similarly situated individuals to work long hours, including overtime hours, to complete all of their job responsibilities and meet Defendant's productivity standards.

28. Defendant knew that Plaintiff and the other similarly situated individuals worked unpaid overtime hours because Plaintiff and others complained about their long hours and the workload. Specifically, when Plaintiff told her supervisor that she was working long hours, including working nights and weekends, her supervisor responded that she could not change the workload because the company would not be hiring additional workers.

29. Although Defendant had a legal obligation to do so, Defendant did not make, keep, or preserve adequate or accurate records of the hours worked by Plaintiff and the other similarly situated individuals.

## FLSA COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

31. Plaintiff brings Count I individually and on behalf of the putative FLSA Collective.

32.     Plaintiff files this action on behalf of herself and all other similarly situated individuals.  The putative FLSA Collective is defined as follows:

> All persons who worked as Medical Management Nurses, Utilization Management Nurses, Utilization Review Nurses, Nurse Reviewers, Nurse Reviewer Associates, or in similar job titles who were paid a salary and treated as exempt from overtime laws, and were primarily responsible for performing medical necessity reviews for Defendant in Georgia at any time since three years prior to the filing of this Complaint through judgment.

33.     Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b).  Plaintiff's signed consent form is attached hereto as Exhibit A. In addition, to date, 13 other individuals have consented in writing to be a part of this action.  Their consent forms are attached as Exhibit B.

34.     As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

35.     During the applicable statutory period, Plaintiff and the other similarly situated individuals routinely worked in excess of forty (40) hours in a workweek without receiving overtime compensation for their overtime hours worked.

36.     Defendant willfully engaged in a pattern of violating the FLSA, as described in this Complaint in ways including, but not limited to, requiring Plaintiff and the other similarly situated individuals to work excessive hours and failing to pay them overtime compensation.

37. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the entire putative FLSA Collective. Accordingly, notice should be sent to the putative FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have suffered from the Defendant's practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through its records.

38. Plaintiff Baker and the individuals with consent forms attached as Exhibit B were previously opt-in Plaintiffs in the FLSA collective action in the U.S. District Court for the Western District of Tennessee titled *Laura Canaday, et al. v. The Anthem Companies, Inc.*, case number 1:19-cv-01084-STA-jay. The *Canaday* court limited the scope of the conditionally certified collective to individuals who worked for Defendant within the state of Tennessee.

## CAUSES OF ACTION

### COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
### (On Behalf of Plaintiff and the Putative FLSA Collective)

39. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

40. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt

employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

41. Defendant suffered and permitted Plaintiff and the other similarly situated individuals to routinely work more than forty (40) hours in a workweek without overtime compensation.

42. Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to pay Plaintiff and the other similarly situated individuals their required overtime compensation.

43. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the other similarly situated individuals have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the other similarly situated individuals are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

44. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the other similarly situated individuals, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

45. The foregoing conduct, as alleged, constitutes a willful violation of the

FLSA within the meaning of 29 U.S.C. § 255(a). Defendant knew or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and the putative FLSA Collective, prays for judgment against Defendant as follows:

A. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B. A finding that Plaintiff and the putative FLSA Collective are non-exempt employees entitled to protection under the FLSA;

C. A finding that Defendant violated the overtime provisions of the FLSA;

D. Judgment against Defendant in the amount of Plaintiff's and the putative FLSA Collective's unpaid back wages at the applicable overtime rates;

E. An award of all damages, liquidated damages, pre-judgment interest, and post-judgment interest;

F. An award of attorneys' fees and costs incurred in prosecuting this action;

G. Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

H.    For such other and further relief, in the law or equity, as this Court may deem appropriate and just.

DATED: November 29, 2021            **AUSTIN & SPARKS, P.C.**

<u>*/s/ John T. Sparks, Sr.*</u>
John T. Sparks, Sr.
Georgia Bar No. 669575
2974 Lookout Place, N.E., Suite 200
Atlanta, Georgia 30305
404-869-0100 / 404-869-0200 (fax)
jsparks@austinsparks.com

**NICHOLS KASTER, PLLP**
Rachhana T. Srey
MN Bar No. 340133*
Caroline E. Bressman
MN Bar No. 0400013*
4700 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
612-256-3200 / 612-338-4878
srey@nka.com
cbressman@nka.com

* *Pro hac vice forthcoming*

**Attorneys for Plaintiff and the Putative FLSA Collective**