IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEON BAKER, *et al.*,             Case No. 1:21-cv-04866-WMR

    Plaintiffs,

        v.

THE ANTHEM COMPANIES, INC., *et al.*,

    Defendants.

_____

**ATTACHMENT A: PLAINTIFFS' CASE OUTLINE**

_____

Plaintiff Deon Baker, on behalf of herself and all others similarly situated, submits this outline of Plaintiffs' case pursuant to N.D. Ga. Local Rule 16.4(B)(14):

**(a) Factual Statement of Plaintiffs' Cause of Action**

Plaintiff Deon Baker filed this collective action on behalf of herself and all other similarly situated employees (collectively, "Plaintiffs") who are or were employed by Defendants to perform utilization review work. Plaintiffs' complaint contains one count for failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Defendants paid Plaintiffs a salary and classified them as exempt. Plaintiffs allege that Defendants willfully misclassified them and, as a result, failed to pay overtime compensation, and that they are entitled to overtime pay at one and one-half (1.5) times their regular rate for

hours they worked over 40 in a workweek.

Healthcare providers routinely submit, on behalf of their patients, requests for authorization of insurance payment to Anthem for various procedures, services, or benefits. Anthem hires thousands of utilization reviewers, like Plaintiffs, to review whether those requests meet objective evidence-based medical necessity criteria. Once utilization reviewers receive a request, their job is to compare the information submitted by the healthcare provider against the medical necessity criteria to determine whether the request can be approved. If the request meets criteria, Plaintiffs generally can approve the request. If the request does not meet criteria or it is not clear whether it meets criteria, Plaintiffs must pend the request to a Medical Director, a physician, for their review and determination. Plaintiffs contend that their primary duty—to perform utilization review work—is non-exempt work.

**(b) Legal Authority on Which Plaintiffs Rely**

**Statutes and Regulations**

    29 U.S.C. § 203, Definitions

    29 U.S.C. § 207, Maximum Hours

    29 U.S.C. § 211, Collection of data, subsection (c)

    29 U.S.C. § 216, Penalties, subsection (b)

    29 U.S.C. § 255, Statute of limitations, subsection (a)

    29 C.F.R. § 516.2, Employees subject to . . . overtime provisions, subsection (a)

    29 C.F.R. § 541.2, Job titles insufficient

29 C.F.R. § 541.202, Discretion and independent judgment

29 C.F.R. § 541.301, Learned professionals, subsections (b), (d), (e)(2)

29 C.F.R. § 541.700, Primary duty

29 C.F.R. § 541.704, Use of manuals

29 C.F.R. § 551.104, Definitions

29 C.F.R. § 778.107, General standard for overtime pay

29 C.F.R. § 778.113, Salaried employees—general

29 C.F.R. § 778.211, Discretionary bonuses

Georgia Professional Nurse Practice Act, Ga. Code 1981 § 43-26-3

**Illustrative Case Law**

| Issue | Relevant Authority |
|---|---|
| Learned Professional Exemption (Defendants' affirmative defense) | *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562 (11th Cir. 1991)<br><br>*Anderson v. DataPath, Inc.*, No. 1:20-CV-1713-MHC, 2022 WL 17069583 (N.D. Ga. Feb. 25, 2022)<br><br>*Carter v. City of Philadelphia*, 417 F. Supp. 3d 639 (E.D. Pa. 2019)<br><br>*Clark v. Centene Co. of Texas*, 656 F. App'x 688 (5th Cir. 2016)<br><br>*Clark v. Centene Co. of Texas, L.P.*, 44 F. Supp. 3d 674 (W.D. Tex. 2014)<br><br>*Fairris v. City of Bessemer*, No. 2:06-CV-290-VEH, 2007 WL 9712062 (N.D. Ala. May 11, 2007), *aff'd*, 252 F. App'x 309 (11th Cir. 2007)<br><br>*Johnson v. WellPoint, Inc.*, No. 1:06-CV-2430-ODE, 2009 WL 8753325 (N.D. Ga. Mar. 30, 2009)<br><br>*Kadden v. VisuaLex, LLC,* 910 F. Supp. 2d 523 (S.D.N.Y. 2012) |

| | |
|---|---|
| | *Morrow v. UniCare Life & Health Ins. Co.*, No. 1:04-CV-01774-ODE, 2006 WL 8431647 (N.D. Ga. Sept. 1, 2006)<br><br>*Pignataro v. Port Auth. of New York & New Jersey*, 593 F.3d 265 (3d Cir. 2010)<br><br>*Rego v. Liberty Mut. Managed Care, LLC,* 367 F. Supp. 3d 849 (E.D. Wis. 2019)<br><br>*Vela v. City of Houston*, 276 F.3d 659 (5th Cir. 2001) |
| Liquidated Damages (Defendants' good-faith defense) | *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc*., 515 F.3d 1150 (11th Cir. 2008)<br><br>*Morgan v. Fam. Dollar Stores, Inc*., 551 F.3d 1233 (11th Cir. 2008)<br><br>*Anderson v. DataPath, Inc.,* No. 1:20-CV-1713-MHC, 2022 WL 17069583 (N.D. Ga. Feb. 25, 2022)<br><br>*Canaday v. The Anthem Cos*., No. 1:19-CV-01084-STA-JAY, 2025 WL 2946408 (W.D. Tenn. July 9, 2025)<br><br>*Fenton v. Farmers Ins. Exch*., 663 F. Supp. 2d 718 (D. Minn. 2009)<br><br>*Learing v. The Anthem Cos*., 722 F. Supp. 3d 929, 949 (D. Minn. 2024), *amended on reconsideration on other grounds*, No. 21-CV-2283 (LMP/DJF), 2025 WL 2322366 (D. Minn. Aug. 12, 2025)<br><br>*Johnson v. WellPoint, Inc.*, No. 1:06-CV-2430-ODE, 2009 WL 8753325 (N.D. Ga. Mar. 30, 2009)<br><br>*Ruggles v. WellPoint, Inc*., 253 F.R.D. 61 (N.D.N.Y. 2008) |
| Willfulness | *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988) |

| | |
|---|---|
| | *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306 (11th Cir. 2007)<br><br>*Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150 (11th Cir. 2008)<br><br>*Morgan v. Fam. Dollar Stores, Inc.*, 551 F.3d 1233, 1280–81 (11th Cir. 2008)<br><br>*Cortez v. Grass Clips, Inc.,* 739 F. Supp. 3d 1233 (N.D. Ga. 2024)<br><br>*De Leon-Granados v. Eller & Sons Trees, Inc.*, 581 F. Supp. 2d 1295, 1313–14 (N.D. Ga. 2008) |
| Fluctuating Workweek (Defendants' defense) | *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299 (11th Cir. 2013)<br><br>*Spikes v. Schumacher Auto Grp. Inc.*, No. 23-10180, 2024 WL 2698864 (11th Cir. May 24, 2024)<br><br>*Cowan v. Treetop Enters.*, 163 F. Supp. 2d 930 (M.D. Tenn. 2001)<br><br>*Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, 538 F. Supp. 3d 310 (S.D.N.Y. 2021)<br><br>*Desmond v. PNGI Charles Town Gaming, L.L.C.*, 630 F.3d 351 (4th Cir. 2011)<br><br>*Ivanovs v. Bayada Home Health Care, Inc.*, 674 F. Supp. 3d 115 (D.N.J. 2023)<br><br>*Klein v. Torrey Point Grp., LLC*, 979 F. Supp. 2d 417 (S.D.N.Y. 2013)<br><br>*Lindsey v. Tire Discounters, Inc.*, No. 2:15-CV-3065, 2017 WL 5972104 (S.D. Ohio Dec. 1, 2017)<br><br>*Menefee v. N-Title, LLC*, No. A-19-CV-00737-JRN, 2021 WL 3413319 (W.D. Tex. July 9, 2021) |

|  | *O'Neill v. Mermaid Touring Inc.*, 968 F. Supp. 2d 572 (S.D.N.Y. 2013)<br><br>*Snodgrass v. Bob Evans Farms, LLC*, 2015 WL 1246640 (S.D. Ohio Mar. 18, 2015)<br><br>*Talbott v. Lakeview Ctr., Inc.*, No. 3:06-CV-378-MCR/MD, 2010 WL 11557948 (N.D. Fla. Feb. 2, 2010)<br><br>*West v. Verizon Servs. Corp.*, No. 8:08-CV-1325-T-33-MAP, 2011 WL 208314 (M.D. Fla. Jan. 21, 2011) |
|---|---|
| Representative Evidence | *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946)<br><br>*Hoffmann-La Roche, Inc., v. Sperling*, 493 U.S. 165 (1989)<br><br>*Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442 (2016)<br><br>*Brock v. Norman's Country Mkt., Inc.*, 835 F.2d 823, 828 (11th Cir. 1988)<br><br>*Morgan v. Fam. Dollar Stores, Inc.*, 551 F.3d 1233 (11th Cir. 2008)<br><br>*Baden-Winterwood v. Life Time Fitness Inc.*, 729 F. Supp. 2d 965 (S.D. Ohio 2010)<br><br>*Clark v. Centene Co. of Tex.*, 104 F. Supp. 3d 813 (W.D. Tex. 2015)<br><br>*Cowan v. Treetop Enters.*, 163 F. Supp. 2d 930 (M.D. Tenn. 2001)<br><br>*Dep't of Labor v. Cole Enters., Inc.*, 62 F.3d 775 (6th Cir. 1995)<br><br>*Donovan v. Bel-Loc Finer*, 780 F.2d 1113 (4th Cir. 1985)<br><br>*Donovan v. Burger King Corp.*, 672 F.2d 221 (1st Cir. 1982)<br><br>*Donovan v. Hamm's Drive Inn*, 661 F.2d 316 (5th Cir. 1981) |

| | |
|---|---|
| | *Garcia v. Tyson Foods, Inc.*, 770 F.3d 1300 (10th Cir. 2014) |
| | *Monroe v. FTS USA, LLC*, 860 F.3d 389 (6th Cir. 2017) |
| | *O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567 (6th Cir. 2009) |
| | *Pierce v. Wyndham Vacation Resorts, Inc.*, 922 F.3d 741 (6th Cir. 2019) |
| | *Reich v. Gateway Press*, 13 F.3d 685, 702 (3d Cir. 1994) |
| | *Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58 (2d Cir. 1997) |
| | *Romero v. Fla. Power & Light Co.*, No. 6:09-CV-1401-ORL-36, 2012 WL 1970125 (M.D. Fla. June 1, 2012) |
| | *Roussell v. Brinker Int'l, Inc.*, 441 F. App'x 222 (5th Cir. 2011) |
| | *Sec'y of Lab. v. DeSisto*, 929 F.2d 789 (1st Cir. 1991) |
| Post-Trial Damages Calculations | *Baden-Winterwood v. Life Time Fitness Inc.*, 729 F. Supp. 2d 965 (S.D. Ohio 2010) |
| | *Clark v. Centene Co. of Texas*, 104 F. Supp. 3d 813 (W.D. Tex. 2015) |
| | *Maliza v. 2001 Mar-os Fashion Inc.*, 2010 WL 502955 (E.D.N.Y. Feb. 10, 2010) |
| | *Martin v. Selker Bros., Inc.*, 949 F.2d 1286 (3d Cir. 1991) |
| | *Monroe v. FTS USA, LLC*, 860 F.3d 389 (6th Cir. 2017) |
| | *Perez v. Mountaire Farms, Inc.*, No. 1:06-cv-00121, ECF No. 141 (D. Md. July 31, 2009) |
| | *Pineda-Herrera v. Da-Ar-Da, Inc.*, 2011 WL 2133825 (E.D.N.Y. May 26, 2011) |

| | |
|---|---|
| Defendants' FLSA Coverage/ Employer Status | *Antenor v. D & S Farms*, 88 F.3d 925 (11th Cir. 1996)<br><br>*Garcia-Celestino v. Ruiz Harvesting, Inc.*, 843 F.3d 1276 (11th Cir. 2016)<br><br>*Gomez v. Carmenate*, No. 8:08-CV-1683-T-17AEP, 2010 WL 3360094 (M.D. Fla. Aug. 19, 2010)<br><br>*Mulugeta v. TAS of Atlanta, LLC*, No. 1:17-CV-03583-LMM, 2019 WL 8277245 (N.D. Ga. May 28, 2019) |

**(c) Negligence**

Not applicable.

**(d) Damages Claimed by Plaintiffs**

Plaintiffs claim damages in each of the categories listed below for the time period from three years prior to when each Plaintiff and Opt-in Plaintiff initially filed their consent form to make a claim under the FLSA (whether in this matter or in the original *Canaday* matter) through the date of trial, January 12, 2026. *See* 29 U.S.C. §§ 216(b), 255(a):

- Unpaid overtime compensation at a rate not less than one-and-a-half times the regular rate at which Plaintiffs are/were employed. 29 U.S.C. §§ 207, 216(b).

- Liquidated damages equal to the amount of unpaid overtime compensation. 29 U.S.C. § 216(b).

- Attorneys' fees and litigation costs. 29 U.S.C. § 216(b).

- Pre-judgment interest (only if no liquidated damages). *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987).

- Post-judgment interest. 28 U.S.C. § 1961.

The exact amount of damages should be determined post-trial (*see* Attachment G-1 to the Parties' Proposed Consolidated Pretrial Order, Pls.' Trial Brief § II) and is dependent upon the Court's resolution of the issues to be tried, specifically whether Defendants are liable for unpaid overtime under the FLSA, and, if so, whether Defendants acted in good faith in classifying Plaintiffs as exempt and therefore can avoid liquidated damages, whether Defendants' misclassification of Plaintiffs was willful such that a three-year statute of limitation applies, and whether unpaid overtime should be calculated using the standard one-and-one-half rate or at a one-half rate under the fluctuating workweek method as Defendants contend.

To facilitate post-trial damages calculations, Plaintiffs have proposed the following methodology:

If the Court finds for Plaintiffs on liability and determines that Plaintiffs are entitled to a damages award, then the Court will make detailed factual findings as to the average number of hours the testifying representative Plaintiffs worked during the relevant statutory period. Once these amounts are determined for the testifying representative Plaintiffs, an average of those hours may be computed and applied to the remaining, non-testifying Plaintiffs. The amount of damages owed to all

Plaintiffs, including the non-testifying ones, is then a matter of mathematical computation.

The parties have stipulated to Plaintiffs' dates of employment in eligible positions. During the course of this litigation, Plaintiffs requested payroll files, records of time off including PTO and holidays, dates of employment, and job title data. Defendants provided some relevant files in PDF format for some Plaintiffs during discovery; supplemented their production with electronic pay files on August 12, 2024; provided an electronic file on August 4, 2025, containing job titles, employment status, and annual rates for Plaintiffs; and produced additional pay data and time off data in PDF format for some Plaintiffs on October 17, 2025. Defendants are in the process of gathering additional updated records beyond those in the October 17th production.

For each Plaintiff, Plaintiffs proposed including with the Stipulated Facts a summary exhibit of their regular weekly earnings and a summary exhibit of their PTO and shift premium records during the relevant time period. Given the timing of these productions and outstanding data, the Parties have agreed to a limited extension for the preparation of these summaries by Plaintiffs and verification by Defendants to the date of the pretrial conference, November 13, 2025, or shortly thereafter.

Altogether, these records will show Plaintiffs' compensation, maximum weeks of recovery, weeks of extended leave, and non-work hours, including paid time off and holidays. Together, this objective data, in combination with Plaintiffs' testimony concerning their good-faith hours estimates and the Court's findings regarding hours worked, will facilitate the calculation and award of damages to all thirty-six Plaintiffs included in this case.

The formula for calculating each Plaintiff's weekly overtime damages will be as follows:

REGULAR RATE x 1.5[1] x OVERTIME HOURS = UNPAID OVERTIME

Plaintiffs' regular rates are calculable from Defendants' compensation data. Plaintiffs' weeks of eligibility for damages within their relevant statutory periods will be determined through the maximum recovery weeks, which account for Defendants' leave and time off records.

The Court's resolution of other damages issues will affect damages calculations in a similarly formulaic manner. Should the Court find that Defendants did not act in good faith when they classified Plaintiffs as exempt, Plaintiffs' damages will be liquidated, or doubled. Whether the Court finds that Defendants

---

[1] Plaintiffs anticipate that Defendants will argue that the fluctuating workweek ("FWW") method of calculating overtime damages at a one-half rate (0.5) should apply. If the Court determines that the FWW method applies, the regular rate would be recalculated by dividing earnings by total weekly hours worked and the multiplier would be 0.5 rather than 1.5.

acted willfully in violating the FLSA will determine whether Plaintiffs' maximum recovery period extends back to a maximum of two years or three years from when they consented to make a claim under the FLSA.

Date: October 31, 2025

**NICHOLS KASTER, PLLP**

<u>/s/ Rachhana T. Srey</u>
Rachhana T. Srey,
MN Bar No. 340133*
Caitlin L. Opperman,
MN Bar No. 0399978*
H. Clara Coleman
MN Bar No.0401743*
4700 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
srey@nka.com
copperman@nka.com
ccoleman@nka.com

*Admitted pro hac vice*


AUSTIN & SPARKS, P.C.
John T. Sparks, Sr.
GA Bar No. 669575
2974 Lookout Pl. NE, Suite 200
Atlanta, GA 30305
Telephone: (404) 869-0100
Facsimile: (404) 869-0200
jsparks@austinsparks.com

**Attorneys for Plaintiff and the FLSA Collective**